In re Dean H. SALMONS, Debtor.

TWIN CITY FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff,

v.

Dean H. SALMONS, Defendant.

Bankruptcy No. 3–80–01470.
Adv. No. 81–0144.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Aug. 26, 1981.

Connor F. Schmid of Mackall, Crounse & Moore, Minneapolis, Minn., for plaintiff, Twin City Federal Sav. & Loan Assn.

F. Patrick McGrath, St. Paul, Minn., for debtor, Dean A. Salmons.

JACOB DIM, Bankruptcy Judge.

The above entitled proceeding came on for preliminary hearing on May 27, 1981 before the Honorable Jacob Dim on the complaint of the plaintiff seeking relief from the automatic stay, 11 U.S.C. § 362.

Based on the facts as stipulated by the parties and the arguments of counsel, the Court issues the following memorandum pursuant to Rule 752.

## MEMORANDUM

The debtor has admitted that there exists little or no equity in the collateral held by the plaintiff and does not oppose the lifting of the stay. The debtor has made no payments on the mortgage since April, 1980.

The plaintiff has requested that the Court lift the automatic stay as of the date of the filing. The plaintiff had completed a foreclosure sale at 9:00 a. m. at the time of the filing of the bankruptcy petition at 10:15 a. m. on August 28, 1980.

The Court has strong doubts as to whether or not it can retroactively lift the stay for a creditor. That question need not be reached by this decision, however.

The plaintiff has given the Court no reason to retroactively lift the stay. The plaintiff has shown no facts such as fraud, bad faith, negotiation, or filing merely to delay creditors which might equitably incline the Court to consider such relief.

Any damage which might have resulted to the plaintiff as the result of the automatic stay could have been dealt with within 90 days of the filing by the seeking of relief immediately. Instead the plaintiff delayed until April 30, 1981, eight months after the filing to ask for relief. Where a creditor, through its own inaction, is prevented from going forward, the Court will not relieve it of its burden retroactively. It is the creditor's delay which caused any damage not the automatic stay.

Now Therefore, IT IS ORDERED that the automatic stay under 11 U.S.C. § 362(a) is lifted as to the plaintiff, Twin City Federal Savings and Loan Association, as of the date of this order.